Marianela Rosario DIAZ, etc., Plaintiffs,

v.

**AQUEDUCT AND SEWER AUTHORITY OF P.R., et al., Defendants.**

**Civ. No. 92–1750(DRD).**

United States District Court,
D. Puerto Rico.

Feb. 12, 1996.

Arnaldo Granados–Estrada, Ortiz Toro & Ortiz Brunet, San Juan, PR, for Rafael Del–Valle–Benitez, Iliana Del–Valle–Rosario, minor, Marianela Rosario–Diaz, Javier Cartagena–Colon.

Jorge Segurola, Leonardo Andrade–Lugo, Goldman, Antonetti & Cordova, San Juan, PR, Romano A. Zampierollo–Rheinfel, Rio Piedras, PR, Raul Davila–Rivera, Bauza & Davila, Old San Juan, PR, for Aqueduct & Sewer Authority of P.R.

Raul Davila–Rivera, Bauza & Davila, Old San Juan, PR, for General Accident Insurance Co.

Roberto Reyes–Lopez, San Juan, PR, for Luis Gonzalez–Martinez.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

The above captioned case is an automobile accident case seen in this forum based on diversity jurisdiction. 28 U.S.C. § 1332.[1] It is alleged that an employee of the Aqueduct and Sewer Authority of P.R., hereinafter referred to as "Authority", Luis González Martínez, while returning home from work driving his private vehicle caused the death of decedent María Rosario Díaz. Two plaintiffs, the daughter and sister of the deceased, have alleged to have suffered consequential damages. The Authority, its insurance carrier General Accident Insurance Company, hereinafter referred to as "General Accident", and the driver have been sued as defendants.[2]

Plaintiff filed a motion for partial summary judgment on December 13, 1994 (Docket No. 67), together with several documents to support the same. Codefendant General Accident filed an opposition to the motion for partial summary judgment and motion for partial summary judgment on April 13, 1995 (Docket No. 74), annexing documents to support the referred party's request. On July 14, 1995, plaintiff Marianela Rosario Díaz filed a reply to codefendant General Accident's motion for partial summary judgment (Docket No. 82), accompanied by several deposition transcripts and expert reports in support of the reply to the partial summary judgment.

The issue before this Court is one of coverage under the policy issued by General Accident to the Authority. Specifically whether or not the accident is a covered event because there is a controversy if the accident occurred while the driver was in "the business for the Authority" or whether on the driver's "private affairs". General Accident contends that the policy does not cover accidents occurring while the driver employee is engaged in "private affairs". Plaintiff alleges that the General Accident's policy covers all accidents whether on "business for the Authority" or on "private affairs"; Plaintiff, in the alternative, seems to allege that in any event the "return voyage" to the home of the employee from assigned work is a covered event.

The parties have claimed that there is no genuine issue of material facts in controversy, even though each statement of material facts contains variations with the opposing party's assessment of facts not in controversy.

## I. STANDARD FOR SUMMARY JUDGMENT

A court should grant a motion for summary judgment if the pleadings, depositions, answers, admissions, and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A party opposing summary judgment must establish the existence of an issue which is both genuine and material. *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 894 (1st Cir.1988). Thus, a court must consider two elements: materiality and genuineness.

In order to determine materiality, a court must look to the substantive law of the case. A fact is material if the dispute over it could affect the outcome of the suit under the governing law. The existence of such a fact precludes the entry of summary judgment. Factual disputes that are irrelevant to the suit's outcome are immaterial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A court should deny a motion for summary judgment if the dispute about a material fact is genuine. A dispute is genuine when,

---

1. Eventually the law of Puerto Rico will govern the substantive issues of negligence. *Erie R.R. v. Tompkins,* 304 U.S. 64, 77–79, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Daigle v. Maine Med Ctr., Inc.,* 14 F.3d 684, 689 (1st Cir.1994); *Coyne v. Taber Partners I,* 53 F.3d 454, 457 (1st Cir.1995).

2. The insurance policy of the private vehicle was also issued by General Accident Insurance Company.

based on the evidence, a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248, 106 S.Ct. at 2510. The party opposing the motion for summary judgment cannot rely on "mere allegations or denials" of the moving party. Fed.R.Civ.P. 56(e). Rather, the opposing party must be able to show by affidavits, depositions, answers, and admissions in the record that there is a genuine issue for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The opposing party does not have to conclusively resolve the disputed issue. It need only show that the evidence supporting the dispute is such that a judge or jury is required to resolve the differing versions at trial. *First Nat'l Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968). A court should not determine the truth of the matter. *Lipsett,* 864 F.2d at 895.

In determining whether summary judgment is warranted, the Court views the facts alleged in the light most favorable to the nonmoving party and must indulge all inferences in favor of the party. *LeBlanc v. Great American Insurance Co.,* 6 F.3d 836, 841 (1st Cir.1993); *Lydia Libertad v. Patrick Welch,* 53 F.3d 428, 435 (1st Cir.1995); *William G. Coll v. P.B. Diagnostics Systems,* 50 F.3d 1115, 1121 (1st Cir.1995). The intricacies and general standards of Rule 56 have been documented by the First Circuit Court in a "cascade of cases" found at *Coyne v. Taber Partners I,* 53 F.3d 454, 457 (1st Cir. 1995) and *McCarthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995).

## II. ANALYSIS

As to Plaintiff's summary judgment request, codefendant General Accident's statement of material facts at paragraph number one Docket No. 74 clearly controverts plaintiff's statement of material facts as well as the factual allegations contained in plaintiff Marianela Rosario Díaz' reply. Defendant, General Accident, provided two experts' opinions on coverage concluding that the Au-

thority policy does not provide coverage for employee accidents while on "private affairs." These opinions create a controversy which leads to denial of the request by Plaintiff. *LeBlanc v. Great American Inc. Co.,* supra.

As to General Accident's partial summary judgment there is a genuine issue of material fact as to whether or not the Executive Director's Memorandum of May 19, 1989 was incorporated to the insurance policy in effect at the date of the accident. Said Memorandum reads as follows:

> The Public Liability Automobile policy of the Authority protects the employees who use their private vehicles for official matters. The same provides coverage for Bodily Injury and Property Damage of third persons in case of accidents while using your vehicle for official matters.
>
> In order to have a right to this benefit, the employee has to have an "Application to use Private Vehicle for Official Matters," AAA–459 (rev. 6.79), duly approved.

Further, Plaintiff's experts D. Malicki and Peter R. Kirsicki conclude that the "return voyage" from work to the home of the driver was an overriding covered event. These opinions contrast with the opinions provided by General Accident's experts.[3] It is for the jury to decide which expert testimony is more credible. *Payton v. Abbott Lab.,* 780 F.2d 147–156 (1st Cir.1985) "it is a matter for the jury to resolve any inconsistencies in expert testimonies". See also *International Adhesive Coating Company, Inc. v. Bolton Emerson Intl., Inc.,* 851 F.2d 540, 545 (1st Cir.1988), wherein the Court stated that the "weight and the credibility" of experts is to be "resolved by the jury". The Court further finds that there is a strong element of intent as to the scope of insurance coverage; trial courts have been guided by appellate courts to observe a "cautious approach to summary judgments where issues of motive and intent must be resolved." *Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 109 (1st Cir.1988); *William B. Coll v. P.B. Diagnostic Systems, Inc.,* supra at 1121. The partial summary judgment requested by General

---

**3.** The Court at this time does not prejudge to the qualifications of the experts to provide opinions following the guidelines of *Daubert v. Dow Phar-* *maceuticals Inc.,* —— U.S. ——, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).

Accident must also be denied because of conflicting expert opinion.

Wherefore, viewing the evidence on record in the light most congenial to the nonmoving party, Plaintiff's Marianela Rosario Díaz' motion for partial summary judgment is **denied,** and codefendant General Accident Insurance's motion for partial summary judgment is also **denied.**

IT IS SO ORDERED.

